# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 07-61020
Summary Calendar

FABIAN DARIO GONZALEZ RONCHAQUIRA; PAOLA ANDREA GALLEGO SANCHEZ; MANUELA GONZALEZ GALLEGO

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 862 363; A98 862 364; A98 962 365

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Fabian Dario Gonzalez Ronchaquira (Gonzalez), his wife, Paola Andrea Gallego Sanchez, and their daughter, Manuela Gonzalez Gallego, all natives and citizens of Colombia, applied for asylum and withholding of removal based on factual allegations asserted by Gonzalez. They have filed a petition for review of the Board of Immigration Appeals' (BIA) order dismissing their appeal of the Immigration Judge's (IJ) decision denying relief. The petitioners argue that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA erred in upholding the IJ's determination that Gonzalez was not credible and that the evidence failed to demonstrate that Gonzalez suffered past persecution on account of his political opinion and possessed a well-founded fear of persecution on account of his political opinion.

This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it had some impact upon the BIA's decision. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). The BIA's factual findings are reviewed for substantial evidence. *Mwembie v. Gonzales*, 443 F.3d 405, 409 (5th Cir. 2006); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. *Zhang*, 432 F.3d at 344. "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

The record does not compel a conclusion contrary to the determination that Gonzalez was not credible. Substantial evidence supports the finding that his testimony and the factual assertions made in his second application for asylum and withholding of removal are not consistent with the factual assertions made in his first application for asylum and withholding of removal. Gonzalez did not provide a reasonable explanation for this inconsistency. The record also does not compel a conclusion contrary to the BIA's determination that Gonzalez failed to demonstrate past persecution or a well-founded fear of persecution in light of his lack of credibility. The petitioners exhausted their administrative remedies as to withholding of removal by raising the issue before the BIA, but they cannot meet the more demanding standard for withholding of removal given that they cannot satisfy the standard for asylum. *See Chen*, 470 F.3d at 1138.

The petition for review is DENIED.